UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY STEVENS,

                      Petitioner,

-v-

THOMAS GRIFFIN,
Superintendent of Eastern
Correctional Facility,

                      Respondent.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/5/16

No. 13-cv-5170 (RJS)
ORDER ADOPTING
REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    Anthony Stevens ("Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 3 ("Petition").) Petitioner was convicted in the Supreme Court of the State of New York, New York County, of one count of burglary in the second degree, N.Y. Penal Law § 140.25(2), and is presently incarcerated. Petitioner challenges his conviction on the ground of ineffective assistance of trial counsel. Before the Court are the Report and Recommendation of the Honorable Sarah Netburn, Magistrate Judge, recommending that the Petition be denied (Doc. No. 13 ("Report")), Petitioner's objections to the Report (Doc. No. 19 ("Obj.")), and Respondent's response to those objections (Doc. No. 21 ("Resp.")). For the reasons set forth below, the Court adopts the Report in full and denies the Petition.

I. BACKGROUND

    The Court presumes the parties' familiarity with the facts and procedural history of this case, which are set forth more fully in the Report. Therefore, the Court only sets forth facts necessary to resolve the objections to the Report.

On February 10, 2006, after a jury trial, Petitioner was convicted of burglary in the second degree, N.Y. Penal Law § 140.25(2), in the Supreme Court of New York, New York County. (Report 1–2.) The court sentenced him to a term of 15 years followed by five years of post-release supervision. (*Id.*) Petitioner filed two unsuccessful motions under N.Y. Crim. Proc. Law § 440.10 to vacate the judgment against him. Ultimately, the Appellate Division of the New York Supreme Court, First Department, affirmed Petitioner's conviction. (*Id.* at 2.) On May 7, 2012, the New York Court of Appeals denied Petitioner leave to appeal.

On July 24, 2013, Petitioner filed the instant habeas corpus petition, pursuant to 28 U.S.C. § 2254. (Doc. No. 3.) On November 20, 2013, the Court referred this matter to the Honorable Sarah Netburn, United States Magistrate Judge, for a report and recommendation. (Doc. No. 11.) On March 4, 2014, Judge Netburn submitted her Report for the Court's review. On April 11, 2014, Petitioner filed his objections to the Report. On May 12, 2014, Petitioner filed a response to Petitioner's objections.

## II. LEGAL STANDARD

A federal court may grant habeas corpus relief only if a claim that was adjudicated on the merits in state court (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Clearly established Federal law means the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (internal quotation marks omitted). A state court decision is "contrary to" such a holding only where the state court "either 'arrives at a conclusion opposite to that reached by [the

Supreme Court] on a question of law' or 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite result].'" *Lainfiesta v. Artuz*, 253 F.3d 151, 155 (2d Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 402 (2000)). An "'unreasonable application' of those holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks omitted). A federal court should grant habeas relief only if "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). When a party makes specific objections to a magistrate judge's findings or legal conclusions, the court must undertake a *de novo* review of the objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, "to the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (quoting *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865 (LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008)). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite

3

and firm conviction that a mistake has been committed." *SEC v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (quoting *Chen v. Bd. of Immigration Appeals*, 435 F.3d 141, 145–46 (2d Cir. 2006)).

### III. DISCUSSION

Petitioner now objects to the Report on three grounds. He argues that that Judge Netburn erred by: (1) rejecting Petitioner's claim that his counsel labored under a *per se* or an actual conflict of interest; (2) rejecting Petitioner's claim for ineffective assistance of counsel; and (3) recommending that the Court deny Petitioner *in forma pauperis* status for the purpose of any appeal, pursuant to 28 U.S.C. § 1915(a)(3). (Obj. 2, 6, 10.)

Because Petitioner's first two objections simply mirror the arguments made in his Petition (*see* Doc. No. 4 at 50–68), without providing sufficiently specific objections to Judge Netburn's conclusions, the Court reviews the Report on these issues for clear error, *DiPilato*, 662 F. Supp. 2d at 339; *see also Kalderon v. Finkelstein*, No. 08-cv-9440 (RJS), 2010 WL 3359473, at *2 (S.D.N.Y. Aug. 25, 2010) (applying clear error review where party's "objection merely reiterates an argument that [it] has already made and that the Report thoroughly addresses"), *aff'd*, 495 F. App'x 103 (2d Cir. 2012). After careful review of the record, the Court finds no clear error in Judge Netburn's thorough analysis and well-reasoned conclusions. Specifically, Judge Netburn did not clearly err in rejecting Petitioner's claim that his attorney had a *per se* conflict of interest that would require automatic reversal of his conviction, since Petitioner's argument has no basis in clearly established Supreme Court law. (*See* Report 32); *see also Cardoza v. Rock*, 731 F.3d 169, 183 n.8 (2d Cir. 2013) (noting that "[t]he Supreme Court has . . . recognized a *per se* conflict of interest in only one circumstance –'where defense counsel is forced to represent codefendants over his timely objection'" (quoting *Mickens*, 535 U.S. at 168)). Judge Netburn also did not clearly

4

err in rejecting Petitioner's claim that his counsel had an actual conflict of interest that would create a presumption of prejudice, since Petitioner makes no claim that his defense counsel was engaged in "multiple concurrent representation[s]." (*See id.* at 34–35); *Corniel v. N.Y.S. Div. of Parole*, 04-cv-2577 (KMW) (RLE), 2007 WL 1649895, at *8 (S.D.N.Y. June 6, 2007) (noting that the Supreme Court has not extended this doctrine "beyond the context of 'multiple concurrent representation'" (quoting *Mickens v. Taylor*, 535 U.S. 162, 175 (2002)); *see also Washington v. Brown*, 09-cv-544 (JG), 2009 WL 1605553, at *7 (E.D.N.Y. June 8, 2009) (noting that "the Supreme Court has never applied its 'actual conflict of interest' jurisprudence in the context of a lawyer providing shoddy representation to further his own financial interests").

Furthermore, Judge Netburn did not clearly err in rejecting Petitioner's claim for ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner avers that his counsel's performance was objectively unreasonable based on counsel's allegedly insufficient investigation into the facts of Petitioner's defense and counsel's decisions to open the door to the underlying facts of Petitioner's prior felony convictions and to waive the suppression hearing. (Obj. 10.) The Court agrees with Judge Netburn that the state court did not unreasonably apply clearly established federal law in rejecting these arguments. (Report 39–45.) And in light of the overwhelming evidence presented by the prosecution at trial, including video surveillance and fingerprints connecting Petitioner to the burglary, Judge Netburn did not clearly err in concluding that Petitioner failed to establish prejudice based on counsel's alleged errors. (*Id.* 45–46.) In fact, even if the Court were to review Judge Netburn's conclusions regarding Petitioner's various Sixth Amendment claims *de novo*, it would reach the same result.

Next, the Court turns to Petitioner's objection to Judge Netburn's recommendation that the Court deny Petitioner *in forma pauperis* status. Once again, the Court agrees with Judge Netburn's assessment of the underlying merits of the Petition and concludes that any appeal would "lack[]

5

an arguable basis in law or fact." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995). Accordingly, the Court adopts Judge Netburn's recommendation that *in forma pauperis* status be denied for the purpose of an appeal. *See* 28 U.S.C. § 1915(a)(3).

### IV. CONCLUSION

For the reasons set forth above and in Judge Netburn's thorough and well-reasoned Report, the Court adopts the Report in its entirety and denies Petitioner's request for habeas corpus relief. Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also denies Petitioner's request to proceed *in forma pauperis* for purposes of an appeal. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   June 30, 2016
         New York, New York

                                                RICHARD J. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE